UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                   :
ARTURO ESTEVEZ, *Individually, and On Behalf of* :
*All Others Similarly Situated*,                              :
                                                   :               1:21-cv-8999-GHW
                                           Plaintiff,      :
                                                   :                    <u>ORDER</u>
                            -v -                                :
                                                  :
SHAMUS & PEABODY, LLC,                       :
                                                  :
                                       Defendant. :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       This case was filed on November 2, 2021. Dkt. No. 1. Since then, Plaintiff has done very little to prosecute this action. On January 21, 2022, Judge Netburn ordered that Plaintiff file any motion for default judgment no later than March 6, 2022. Dkt. No. 9. Plaintiff failed to meet that deadline. Judge Netburn reminded Plaintiff of his obligations to prosecute this action in an order issued on March 15, 2022. Dkt. No. 10. In that order, Judge Netburn ordered that any motion for default judgment be filed by March 23, 2022. Plaintiff failed to meet that deadline. On March 23, 2022, Plaintiff took the very first step toward an application for default judgment by requesting and obtaining a certificate of default. Dkt. No. 13. But Plaintiff did not move for default judgment by the date ordered by Judge Netburn. On April 14, 2022, the Court issued an order stating that if Plaintiff failed to file a complete application for the issuance of an order to show cause for the entry of default judgment in this case by April 28, 2022 the Court expected to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) or Federal Rule of Civil Procedure 16(f). Dkt. No. 15. To date, Plaintiff has not responded to the Court's orders or filed an application for the issuance of an order to show cause.

<i>USDC SDNY<br/>DOCUMENT<br/>ELECTRONICALLY FILED<br/>DOC #: _____<br/>DATE FILED: 4/29/2022</i>

### I.  LEGAL STANDARD

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider:  (1) the duration of delay caused by Plaintiff's failures; (2) whether Plaintiff has received notice that further delays would result in dismissal; (3) whether Defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  However, "a district court is not required to discuss each of the factors on the record."  *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent.").

### II.  DISCUSSION

The Court finds that dismissal of Plaintiff's complaint without prejudice is warranted.  As the procedural history recounted above makes clear, Plaintiff has repeatedly ignored the Court's

2

deadlines in this case and been given more than sufficient time to initiate default proceedings against the defendant. The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Plaintiff's demonstrated disinterest in prosecuting this case—that it is not. *See Smith v. Dinoia*, No. 19-CV-4471, 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing case where plaintiff was unresponsive despite warnings that the case could be dismissed for failure to prosecute); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040, 2017 WL 6948591, at *1–2 (S.D.N.Y. Nov. 28, 2017) (same). Further, because Plaintiff has failed to take meaningful steps to prosecute the case, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio v. Beckford*, No. 05-cv-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). Accordingly, Plaintiff's complaint is dismissed without prejudice for failure to prosecute.

The Clerk of Court is directed to adjourn all hearings, terminate all pending motions, and to close this case.

SO ORDERED.

Dated: April 29, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge